## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>LESLIE ROAD ASSOCIATES, LLC,<br><br>      Debtor. | Case No. 24-20799-CMB<br><br>Chapter 7<br><br>Doc. No.: |
| RICHARD HILL and<br>FRANCIS HILL,<br><br>      Movants,<br><br>-vs-<br><br>LESLIE ROAD ASSOCIATES, LLC and CRYSTAL H. THORNTON-ILLAR, as CHAPTER 7 TRUSTEE OF LESLIE ROAD ASSOCIATES, LLC,<br><br>      Respondents. | |

**MOTION OF RICHARD HILL AND FRANCIS HILL FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) TO PROCEED WITH A POST-VERDICT STATE COURT ACTION AGAINST THE DEBTOR AND OTHERS**

Richard Hill and Frances Hill (collectively, "Movants"), creditors of Leslie Road Associates, LLC (the "Debtor") in the above captioned bankruptcy case (the "Bankruptcy Case"), by and through their undersigned counsel, hereby move for relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1) to proceed with a State Court Action (defined below) against the Debtor and others, and respectfully state as follows:

### I.    PRELIMINARY STATEMENT

1. Movants suffered significant damages as a consequence of the trespass, negligence and other unlawful conduct of the Debtor, its non-debtor affiliate Cloverdale Woods, LP ("Cloverdale") and a non-debtor third party, Industrial Timber & Pulp, LLC ("Industrial Timber",

and, collectively with the Debtor and Cloverdale, the "Defendants"), who caused heavy, sediment-laden stormwater runoff and debris to be discharged onto Movants' property.

2. After Movants obtained a jury verdict and damage award in their favor and against Defendants, and while several post-trial motions were pending, the Debtor commenced the instant Bankruptcy Case.

3. As a result of the automatic stay arising upon the filing of the Bankruptcy Case, the State Court entered an order staying the entire State Court Action, thus suspending any rulings on the post-trial matters and depriving Movants the benefit of their jury verdict.

4. For this reason, and for good cause demonstrated herein, Movants seek relief from the stay to proceed with the State Court Action to adjudicate post-trial motions, enter a judgment on the jury verdict, execute against the Non-Debtor Defendants and insurance proceeds, and supplement their creditor claim herein.

## II.    JURISDICTION

5. On February 3, 2024 (the "Petition Date"), the Debtor filed a *pro se* voluntary petition [Dkt. 1] under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

6. Brian P. Cavanaugh was originally appointed as Chapter 7 Trustee and served in that capacity until February 18, 2025. By notice of the same date, the United States Trustee appointed Crystal Thornton-Illar as successor Chapter 7 Trustee (the "Trustee").

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The relief sought in this Motion is authorized under sections 105 and 362(d)(1) of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Local Rule 4001-1.

### III. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A. The Debtor and others caused substantial harm to Movants' property and have been found liable by a jury for trespass, private nuisance and negligence.**

9. Movants reside at 474 Wallace Road, Wexford, Pennsylvania (the "Hill Property").

10. Beginning in or about 2017, the Debtor and its affiliate, Cloverdale, engaged in the development of residential real property within the Township of Pine, Allegheny County, Pennsylvania (the "Cloverdale Woods Property").

11. The Cloverdale Woods Property is immediately adjacent to the Hill Property.

12. In or about the summer of 2019, in developing the Cloverdale Woods Property, the Debtor and Cloverdale engaged in major clearing and excavation activities that resulted in dramatic and unfavorable landscape changes.

13. While dramatically changing and clearing the landscape at the Cloverdale Woods Property, the Debtor and Cloverdale failed to employ measures to control erosion or storm water runoff from the Cloverdale Woods Property.

14. Due to the failure of the Debtor and Cloverdale to employ proper preventative measures, the Hill Property was inundated with water, causing flooding and damage to the Hill Property.

15. This factual background is described in greater detail in the Second Amended Complaint (the "Complaint") filed by Movants in the Court of Common Pleas of Allegheny County, Pennsylvania (the "State Court") in the lawsuit pending at Case No. GD-20-002351 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A** and is incorporated by reference as if fully restated herein at length.

**B.**   **The State Court Action.**

16.   On February 12, 2020, Movants commenced the State Court Action against the Debtor and Cloverdale.

17.   The State Court held a jury trial in the State Court Action from November 14, 2023 through November 27, 2023 (the "Jury Trial").

18.   The Jury Trial resulted in a verdict in favor of Movants and against the Debtor and Cloverdale (collectively, the "Original Defendants"), finding the Original Defendants liable in Trespass, Private Nuisance and Negligence.

19.   An additional defendant, Industrial Timber ("Additional Defendant"), was also found liable in Trespass, Private Nuisance and Negligence.

20.   The jury found in favor of Movants and awarded property damages in the amount of $1,000,000.00 and non-economic damages in the amount of $250,000.00.

21.   The jury also found that the Original Defendants' conduct was outrageous and awarded punitive damages in favor of Movants and against the Original Defendants in the amount of $5,000,000.00. A true and correct copy of the jury's verdict is attached hereto as **Exhibit B** and is incorporated by reference as if fully restated herein at length.

22.   After the Jury Trial, the parties to the State Court Action each filed post-trial motions.

23.   Specifically, Movants filed post-trial motions ("Plaintiffs' Post Trial Motions") seeking (a) joint and several liability with respect to all Defendants and (b) delay damages.

24. For their part, the Original Defendants and/or the Additional Defendant filed post-trial motions ("Defendants' Post Trial Motions") seeking (x) a new trial generally, (y) a new trial on punitive damages, and (z) a molded verdict.[1]

25. All of the Plaintiff's Post Trial Motions and Defendants' Post Trial Motions remain in abeyance, as the State Court stayed the entire State Court Action prior to deciding any of the post-trial motions. A true and correct copy of the docket for the State Court Action is attached hereto as **Exhibit C** and is incorporated by reference as if fully restated herein at length.

26. Upon information and belief, insurance coverage may be available with respect to all or some of the various Defendants' liability in the State Court Action.

**C.    The Bankruptcy Case**

27. In the Bankruptcy Case, the Debtor filed its Amended Schedules and a Statement of Financial Affairs that schedule only "possible oil gas mineral rights" for assets and schedule Movants' claim in the amount of $6,250,000.00 as being "disputed", "contingent" and "unliquidated". *See* Doc. No. 13.

28. Despite not being listed as an asset of the Debtor in its schedules, the Debtor appears to be the record owner of two parcels of real property located in Allegheny County, Pennsylvania.

29. Specifically, the Debtor appears to be the record owner of Tax Parcel Id. Nos. 267-S-255 and 267-S-260, both located at 1001 Waverly Ct., Robinson Township, Pennsylvania (the "Undisclosed Properties").

30. As the Debtor appears to be the record owner of the Undisclosed Properties, the properties are assets of the estate. To the extent the Debtor alleges that it transferred the

---

[1] The Debtor is joined by at least one of the other Defendants in each of the Defendants' Post Trial Motions.

-5-

Undisclosed Properties pre-petition, the Trustee, having the rights of a bona fide purchaser, may avoid such transfer(s) pursuant to 11 U.S.C. § 544.[2]

31. Given the sparse information provided in the Debtor's Schedules and Statement of Financial Affairs, one wonders why the Debtor commenced the instant Bankruptcy Case (other than for improper perceived litigation advantage), or how doing so could have been in good faith, as corporate entities are not eligible for a discharge pursuant to Section 11 U.S.C. §727(a)(1) of the Bankruptcy Code. The likely explanation, of course, is that the Debtor commenced this Bankruptcy Case in order to hinder and delay final resolution of the State Court Action.

### IV.    RELIEF REQUESTED AND BASIS THEREFOR

32. The applicable factors and a balancing of the harms in this case weigh in favor of granting the Movant relief from the automatic stay to proceed with the State Court Action in State Court to adjudicate the post-trial motions and bring the State Court Action to resolution.

**A.    Legal Standard**

33. Section 362(d)(1) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing," the court "shall grant relief from the stay" "such as terminating, annulling, modifying or conditioning such stay" for "cause." *Id*.

34. The Bankruptcy Code does not define "cause," and it is left to the "courts to consider what constitutes cause based on 'the totality of the circumstance in each particular case.'" *O'Neal Steel, Inc. v. Chatkin (In re Chatkin)*, 465 B.R. 54, 59 (Bankr. W.D. Pa. 2012) (quoting *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997)).

35. Cause has been found to warrant granting an unsecured claimant relief from the automatic stay to proceed with litigation in a non-bankruptcy venue for purposes of determining

---

[2] It is Movants' understanding the Debtor purports to have transferred one or more of the Undisclosed Properties by a "bill of sale".

-6-

liability and liquidating a claim against a debtor. *Id*. at 58-65. The legislative history of Section 362(d)(1) further supports this as it may "be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 91 (3d Cir. 1997) (*citing* S. Rep. No. 95–989 at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836).

36. Courts consider a number of factors in determining whether cause exists in such circumstances, including: "whether judicial economy will be promoted;" "whether the outside litigation will interfere with the bankruptcy case;" "whether the litigation will result in a partial or complete resolution of the issues;" "the involvement of third-parties;" "[w]hether the estate can be protected by a requirement that creditors only seek to enforce any judgment obtained through the bankruptcy court;" "what stage the other litigation has reached;" "the impact of the stay on the parties and the balance of the harms;" and "whether there is any public interest component involved." *Chatkin*, 465 B.R. at 60; *City of Mentor v. Great Plains Exploration, LLC (In re Great Plains Exploration, LLC)*, 2017 Bankr. LEXIS 3178 at *7 (Bankr. W.D. Pa. September 21, 2015).

37. In allocating the burden of proof, "courts have placed the burden on the moving party to make an initial *prima facie* showing of 'cause' sufficient to support relief from stay. If the moving party does so, the ultimate burden then shifts to the non-moving party … to show a lack of cause to grant stay relief." *Chatkin,* 465 B.R. at 61; *see also* 11 U.S.C. § 362(g) ("In any hearing under subsection (d) … of this section concerning relief from the stay of any act under subsection (a) of this section (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and (2) the party opposing such relief has the burden of proof on all other issues.").

**B.     Relief from stay will not harm or prejudice the Debtor.**

38.     As a preliminary matter, the Movants' requested relief is limited in scope and the Debtor's estate will bear no more harm, burden or expense by proceeding with the State Court Action in the State Court. Movants acknowledge that any judgment obtained from the State Court Action against the Debtor will otherwise remain subject to the automatic stay in the Bankruptcy Case, except for the ability to proceed against applicable insurance proceeds.

39.     To the extent Debtor's insurance is not paying the legal fees and costs of the State Court Action, the Debtor's bankruptcy estate will suffer no additional expense by the continuation of the case in State Court.

40.     As the Debtor has filed a Chapter 7 case, the Debtor is not attempting to reorganize and need not incur any further expense in defending the State Court Action.

41.     Furthermore, the Movants will continue to litigate the State Court Action against the Debtor's co-defendants, and these parties are not protected by the automatic stay. Even if relief from the automatic stay is not granted, the Debtor's former officers, employees and agents remain subject to the jurisdiction of the State Court as third-party witnesses with knowledge relevant to the claims of other co-defendants. None of these third-party production or witness obligations are stayed by section 362 of the Bankruptcy Code. *See, e.g., In re Irwin*, 457 B.R. 413, 425 n.26 (Bankr. E.D. Pa. 2006) ("[I]t is well accepted that the automatic stay does not prevent discovery aimed at a debtor as long as the discovery pertained to claims and defenses of a non-debtor party."); *see also Moore v. City of Atl. City*, 2015 U.S. Dist. LEXIS 195181 at *5 (D.N.J. October 16, 2014) ("there is nothing precluding any defendant from requesting and procuring discovery from insolvent defendants engaged in Chapter 11 proceedings"); *Popple v. Elliott Greenleaf & Siedzikowski, P.C. (In re Popple)*, 532 B.R. 581, 587 (Bankr. M.D. Pa. 2015) ("[I]t is now

generally accepted that discovery pertaining to claims against the bankrupt's codefendants is not stayed, even if the discovery requires a response from the debtor, and even if the information discovered could later be used against the debtor.").

42. That said, discovery in the State Court Action is complete and a jury verdict has been entered. But for the pending post-trial motions, there should be little else to be litigated.

43. The State Court is best positioned to administer the State Court Action most efficiently and economically and with the least burden to the respective parties.

**C.  Movants will suffer significant harm in the absence of stay relief.**

44. The Debtor is not the only party to the State Court Action, which includes the Debtor's affiliate, Cloverdale and the Additional Defendant, Industrial Timber.

45. Movants, who have already obtained a jury verdict in the State Court Action, will shoulder less burden, expense and harm by proceeding with the State Court Action in a single proceeding in the original State Court forum shared with the non-Debtor defendants.

46. To the extent Movants' claim ultimately needs to be liquidated in the Bankruptcy Case, Movants will suffer significant harm from the multiplied cost and effort following from adjudication of similar matters in separate forums. For this reason, courts have granted litigants relief from the automatic stay to avoid prejudicing a plaintiff that would otherwise be subject to dual litigation against multiple defendants in separate forums. *Chatkin*, 465 B.R. at 54, 63 ("when there are multiple parties involved in the non-bankruptcy litigation, considerations of judicial economy may support the return of the litigation to the other forum"); *Passavant Mem'l Homes v. Laurel Highlands Found., Inc. (In re Laurel Highlands Found., Inc.)*, 473 B.R. 641, 662 (Bankr. W.D. Pa. 2012) ("In a case where non-bankruptcy litigation was commenced in another forum, relief from stay may be appropriate to permit that litigation to conclude, especially when multiple

parties are involved or when trial is ready to proceed."); *Great Plains*, 2015 Bankr. LEXIS at *10 ("It can be said that, in general, the existence of third parties in a litigation weighs in favor of granting stay relief.").

47. Movants are bearing the brunt of the State Court Action being stayed and will bear the brunt of any prejudice or expense arising from bifurcated or duplicative litigation.

48. These foreseeable burdens, harms and prejudice born by the Movants, which are avoidable through a grant of the relief requested, warrant relief from the automatic stay.

**D.    Stay relief maximizes judicial economy and efficiency.**

49. Allowing the State Court Action to proceed against the Debtor maximizes judicial economy and efficiency as the State Court is best positioned to reach a speedy, cost-effective resolution of the Movants' claims.

50. The State Court has already presided over the State Court Action since its inception and has already conducted a jury trial.

51. Judicial economy and efficiency are additionally served by finally adjudicating the liability of the Debtor alongside the other non-Debtor defendants to the State Court Action.

52. The State Court can completely resolve the post-trial issues in the same forum. *See Laurel Highlands*, 473 B.R. at 662 (finding relief from the stay to proceed with non-bankruptcy litigation would be appropriate based, in part, on the non-bankruptcy court's ability to resolve certain "paramount" issues); *Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc. (In re Mid-Atlantic Handling Sys., LLC)*, 304 B.R. 111, 130-31 (Bankr. D.N.J. 2003) ("[p]ermitting the state court litigation to proceed will result in a complete resolution of the issue of [Debtor]'s alleged liability").

53. Lastly, continuation of the State Court Action does not "interfere" with the Bankruptcy Case because final resolution of the post-trial motions and adjudication of the Debtor's liability will not alter the course of this case, which the Debtor filed as a "no asset" Chapter 7 case, in which no discharge can be granted and in which the Debtor will not reorganize.

54. Ultimately, the Trustee will use her business judgment to determine whether or not there are assets worth administering as part of the Debtor's estate and will either administer those assets or abandon them. Having a final resolution of the Debtor's liability from the State Court will liquidate Movants' claim and obviate the need for the Trustee to engage in any claims objections or analysis regarding Movants' claim.

55. To be clear, Movants are not requesting relief to pursue execution proceedings against the Debtor's assets (at least while the Bankruptcy Case remains pending), but are only requesting relief to (A) conclude the State Court Action, (B) pursue judgments against the non-Debtor Defendants and (C) pursue insurance proceeds to the extent the same are available with respect to the Debtor's liability.

56. Based upon the foregoing, good cause exists to modify the automatic stay. The Debtor will not be prejudiced by the Movant proceeding with the State Court Action against the Debtor in the State Court; not modifying the stay as requested will prejudice the Movants by imposing on their unreasonable hardship, burdens and expense; and the balance of factors and competing interests between the parties otherwise weighs in favor of granting the requested relief from the automatic stay.

WHEREFORE, based upon the foregoing, and for good cause shown, Movants respectfully request that this Honorable Court grant this Stay Relief Motion, grant Movants relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1) to proceed with the State Court Action

-12-

to adjudicate the Debtor's liability and reduce Movants claims to judgment in the State Court, and grant such other and further relief as is just and reasonable under the circumstances.

Dated: April 4, 2025                              Respectfully Submitted,

**Raines Feldman Littrell, LLP**

*/s/ Scott Michael Hare*
Scott M. Hare
Pa. I.D. No. 63818
Harry A. Readshaw
Pa. I.D. No. 204287
Raines Feldman Littrell, LLP
11 Stanwix Street, Suite 1100
Pittsburgh, PA 15222
T: 412-899-6482
share@raineslaw.com
hreadshaw@raineslaw.com