**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | Case No. 24-20799-CMB |
| LESLIE ROAD ASSOCIATES, LLC | Chapter 7 |
| Debtor, | Document No. |
| RICHARD HILL and FRANCIS HILL, | Related Document No. 47 |
| Movants, | Hearing Date: 5/21/25 at 3:00 p.m. |
| v. | Responses Due: 5/2/25 |
| LESLIE ROAD ASSOCIATES, LLC, | |
| Respondent. | |

**RESPONSE TO MOTION OF RICHARD HILL AND FRANCIS HILL FOR
RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)
TO PROCEED WITH A POST-VERDICT STATE COURT ACTION AGAINST
THE DEBTOR AND OTHERS**

**AND NOW**, comes the Debtor, Leslie Road Associates, LLC, by and through its counsel, Ryan J. Cooney, Paul R. Toigo, and Cooney Law Offices, LLC, and sets forth this Response to the Motion of Richard Hill and Francis Hill for Relief from the Automatic Stay Pursuant to 11 U.S.C. 362(d)(1) to Proceed with a Post-Verdict State Court Action Against the Debtor and Others (the "Relief Motion"), and in support thereof avers the following:

**PRELIMINARY STATEMENT**

In February, 2020 Movants Richard Hill and Francis Hill (the "Movants") filed a Complaint in Civil Action in the Court of Common Pleas of Allegheny County, Pennsylvania (the "State Court Action") against the Debtor and others, which eventually

resulted in the entry of a jury verdict against the Debtor, the State Court Co-Defendants, and another party on November 27, 2023 (the "Verdict"). The Debtor and others filed assorted post-trial motions contesting the Verdict. However, the expense associated with defending the State Court Action, coupled with limited business prospects and dwindling capital reserves, resulted in the Debtor filing the Bankruptcy Case in February, 2024. On February 5, 2025 the Debtor filed a Suggestion of Bankruptcy in the State Court Action, and thereafter, the Honorable Arnold Klein entered an Order Staying the State Court Action (the "Stay Order") which stated, in relevant part, that "it is apparent that the post-trial issues of all parties are too intertwined for the court to proceed on any party's post-trial motions/briefs".

Now, through their Relief Motion, Movants seek relief from stay in the Bankruptcy Case to proceed with the State Court Action to adjudicate extant post-trial motions, seek entry of a judgment on the Verdict, execute on the non-debtor defendants in the State Court Action and any available insurance, and supplement their claim against the Debtor. See Relief Motion, ¶4.

The Debtor does not oppose the allowance of limited relief from stay for Movants to continue their litigation against the State Court Co-Defendants. However, the allowance of relief from stay against the Debtor would deny it the essential protections which it is afforded under the Bankruptcy Code, namely, the freedom from the very financial pressures which drove it to filing for bankruptcy protection in the first place. See In re Ware Window Co., No. 02-36450-DWS, 2003 Bankr. LEXIS 885, at *5 (Bankr. E.D. Pa. July 28, 2003). The Debtor filed its Bankruptcy Case due to the dual burdens of dwindling business prospects, and the financial strain associated with its continued defense of the

State Court Action. Though it has bona fide disputes relating to the Verdict, and the State Court Action generally, the Debtor simply reached the end of its rope; a cessation of business operations and orderly liquidation of its assets (if any) via Chapter 7.

The Debtor's amended Schedules A/B accurately reflect the reality of the Bankruptcy Case: the Debtor has no insurance policies for Movants to collect against. See 24-20799-CMB, ECF #13. Movants cannot demonstrate "cause" to justify relief from stay with respect to the Debtor, and Movants' requests in the Relief Motion should be denied. Rather, Movants should be subject to the claims process established by the Bankruptcy Code. Finaly, the merits of Movants' claims are irrelevant unless and until there are assets to be distributed.

## **RESPONSE**

1. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are denied.

2. Admitted.

3. Admitted.

4. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, it is denied that the Movants are entitled to relief from stay with respect to the Debtor.

5. Admitted.

6. Admitted.

7. Admitted.

      8.      Admitted in part. It is admitted that the federal statutes and procedural rules cited in this paragraph contemplate relief of the nature requested by the Movants in the Relief Motion; it is denied that such relief is warranted in the instant Bankruptcy Case.

      9.      Admitted.

      10.      Admitted.

      11.      Admitted.

      12.      Admitted in part. It is admitted that the Debtor was involved in the development of the property discussed in the Relief Motion. The remainder of the allegations of this paragraph seeking to characterize the nature of work performed are denied.

      13.      Admitted in part. It is admitted that the Debtor was involved in the development of the property discussed in the Relief Motion. The remainder of the allegations of this paragraph seeking to characterize the nature of work performed are denied.

      14.      This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are denied.

      15.      This paragraph references a legal document which speaks for itself and must be read in its entirety, and the averments of this paragraph are denied to the extent they conflict with the terms of the Second Amended Complaint. Many of the averments set forth in the Second Amended Complaint are also denied.

      16.      Admitted.

      17.      Admitted.

18. This paragraph references a legal document which speaks for itself and must be read in its entirety, and the averments of this paragraph are denied to the extent they conflict with the terms of the Verdict. By way of further response, the Verdict is the subject of post-trial motions by the Debtor and non-debtor defendants to the State Court Action. The Debtor's inability to finance further litigation to contest the Verdict was a significant factor contributing to the filing of the Bankruptcy Case.

19. Admitted.

20. This paragraph references a legal document which speaks for itself and must be read in its entirety, and the averments of this paragraph are denied to the extent they conflict with the terms of the Verdict.

21. This paragraph references a legal document which speaks for itself and must be read in its entirety, and the averments of this paragraph are denied to the extent they conflict with the terms of the Verdict.

22. Admitted.

23. This paragraph references legal documents which speak for themselves, and which must be read in their entirety, and the averments of this paragraph are denied to the extent they conflict with the terms of Movants' post-trial motions. By way of further response, despite having bona fide arguments to rebuff Movants' post-trial motions, the Debtor made the economic decision to file the Bankruptcy Case for the reasons articulated above.

24. Admitted.

25. Admitted.

26. Denied. By way of further response, the Debtor's amended Schedules A/B accurately reflect the reality of the Bankruptcy Case: the Debtor has no insurance policies. See 24-20799-CMB, ECF #13. Accordingly, Movants' attempts to seek relief from stay with respect to the Debtor will be a fruitless endeavor. The Debtor has no issue with the Movants seeking relief from stay for the limited purpose pursuing the non-Debtor defendants in the State Court Action.

27. Admitted.

28. Denied.

29. Denied. By way of further response, Tax Parcel ID No. 267-S-255 is a vacant lot, which was transferred by the Debtor to Northwest Lands via a Deed (the "255-Deed") dated September 21, 2022, which was signed and notarized, but for unknown reasons was not recorded, and Tax Parcel ID No. 267-S-260 is a public street.

30. Denied, See ¶29, *supra*.

31. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are denied. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

32. This paragraph contains conclusions of law to which no response is required. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

33. This paragraph contains conclusions of law to which no response is required.

34. This paragraph contains conclusions of law to which no response is required.

35. This paragraph contains conclusions of law to which no response is required.

36. This paragraph contains conclusions of law to which no response is required.

37. This paragraph contains conclusions of law to which no response is required.

38. This paragraph contains conclusions of law to which no response is required. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

39. This paragraph contains conclusions of law to which no response is required. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

40. This paragraph contains conclusions of law to which no response is required. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

41. This paragraph contains conclusions of law to which no response is required. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

42. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are

denied. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

43. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are denied. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

44. Admitted.

45. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are denied. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

46. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are denied. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*. Additionally, there is no need for Movants to liquidate their claim(s) unless and until there is an anticipated distribution or claim(s) objections are asserted. The Debtor believes a distribution is unlikely.

47. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are denied. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

48. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are

denied. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

49. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are denied. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

50. Admitted.

51. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are denied. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

52. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are denied. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

53. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are denied. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

54. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are denied. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*. Additionally, there is no need for Movants to liquidate their claim(s)

unless and until there is an anticipated distribution or claim(s) objections are asserted. The Debtor believes a distribution is unlikely.

55. Denied. By way of further response, the Debtor has no insurance policies which Movant might collect against. Further, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

56. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph are denied. By way of further response, the Debtor incorporates the contents of its Preliminary Statement, *supra*.

WHEREFORE, the Debtor, Leslie Roads Associates, LLC, respectfully requests this Court issue an order denying the Motion of Richard Hill and Francis Hill for Relief from the Automatic Stay Pursuant to 11 U.S.C. 362(d)(1) to Proceed with a Post-Verdict State Court Action Against the Debtor and Others.

Respectfully Submitted,

Date: May 2, 2025

/s/ Ryan J. Cooney
RYAN J. COONEY
PA I.D. #319213
PAUL R. TOIGO
PA I.D. #326991
THE COONEY LAW OFFICES
Benedum Trees Building
223 Fourth Avenue, 4th Floor
Pittsburgh, PA  15222
(412) 546-1234 (phone)
(412) 546-1235 (facsimile)
rcooney@cooneylawyers.com
ptoigo@cooneylawyers.com
*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | Case No. 24-20799-CMB |
| LESLIE ROAD ASSOCIATES, LLC | Chapter 7 |
| Debtor, | Document No. |
| RICHARD HILL and FRANCIS HILL, | Related Document No. 47 |
| Movants, | Hearing Date: 5/21/25 at 3:00 p.m. |
| v. | Responses Due: 5/2/25 |
| LESLIE ROAD ASSOCIATES, LLC, | |
| Respondent. | |

## CERTIFICATE OF SERVICE

I, Ryan J. Cooney, hereby certify that on the 2nd day of May 2025, a true and correct copy of the foregoing **Response to the Motion of Richard Hill and Francis Hill for Relief from the Automatic Stay Pursuant to 11 U.S.C. 362(d)(1) to Proceed with a Post-Verdict State Court Action Against the Debtor and Others** was served upon the following *(via electronic service)*:

Scott M. Hare
Harry A. Readshaw
Raines Feldman Littrell, LLP
11 Stanwix Street, Suite 1100
Pittsburgh, PA 15222
share@raineslaw.com
hreadshaw@raineslaw.com

Office of the United States Trustee
1001 Liberty Avenue
Suite 970
Pittsburgh, PA 15222
ustpregion03.pi.ecf@usdoj.gov

/s/ Ryan J. Cooney
RYAN J. COONEY
PA I.D. #319213
PAUL R. TOIGO
PA I.D. #326991
THE COONEY LAW OFFICES
Benedum Trees Building
223 Fourth Avenue, 4th Floor
Pittsburgh, PA  15222
(412) 546-1234 (phone)
(412) 546-1235 (facsimile)
rcooney@cooneylawyers.com
ptoigo@cooneylawyers.com
*Counsel for the Debtor*